UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-21404-CIV   COOKE/BROWN

ROYALE GREEN CONDOMINIUM
ASSOCIATION, INC.,

       *Plaintiff*,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

       *Defendant*.

                                 /

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendant's Motion to Strike [DE 22], filed July

16, 2007.  Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to

strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"

within the pleadings.  Fed. R. Civ. P. 12(f).  The court enjoys broad discretion in determining

whether to grant or deny a motion to strike.  *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*,

419 F.Supp. 992, 1000 (M.D.Fla .1976).  However, "[p]artly because of the practical difficulty of

deciding cases without a factual record it is well established that the action of striking a pleading

should be sparingly used by the courts ... It is a drastic remedy to be resorted to only when

required for the purposes of justice, ... when the pleading to be stricken has no possible relation

to the controversy." *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d

862, 868 (5th Cir.1962) (internal quotation marks and citation omitted).[1]  In other words, a court

---

[1]Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981), all decisions of
the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent upon this Court.

will not grant this remedy unless the "challenged allegations have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D.Fla.1995).  *See Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D. Fla. 1978).

In the present action, the Defendant moves to strike paragraphs 15, 20 (a) and (b), and 21 (c) of the Amended Complaint on the grounds that: (1) paragraphs 15 and 20 (a) and (b) prematurely raise allegations of bad faith and improper claims handling in this action for breach of an insurance contract, and (2) paragraph 21 (c) unjustifiably seeks special and/or consequential damages.  The Court has reviewed the Amended Complaint, the Defendant's arguments, and the Plaintiff's responses.  Upon this review, the Court finds that the Defendant's arguments reach beyond the scope of Rule 12(f) and are not grounded in sound, supporting facts.  Sufficient justification does not exist, therefore, to grant the Defendant's extreme remedy.  Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that the Defendant's Motion to Strike [DE 22] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of August, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*