UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-21404-CIV   COOKE/BROWN

ROYALE GREEN CONDOMINIUM
ASSOCIATION, INC.,

    *Plaintiff*,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

    *Defendant*.
_____/

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Count II of the Amended Complaint [DE 19].

**I.   BACKGROUND**

Only a brief background of this case is necessary to set forth the facts relevant to this motion. Plaintiff Royale Green Condominium Association, Inc. (Plaintiff or "Royale") had insurance coverage through Defendant Aspen Specialty Insurance Company (Defendant or "Aspen"). During the period when this insurance policy was in full force and effect, Hurricane Wilma caused damage to Plaintiff's property covered by the policy. As a result of this damage, Royale submitted an insurance claim, to which Aspen responded by assigning property damage valuations and tendering what Plaintiff deems "partial payment." Royale then retained a public adjuster to inspect and value the property. The adjuster's valuation was significantly higher than that of Aspen's. Plaintiff filed a Civil Remedy Notice ("CRN") after Defendant failed to further investigate the claim as Plaintiff requested. After the CRN's sixty-day period for remedying the

violation had run, Plaintiff filed the instant suit, alleging, in its amended complaint, Breach of Contract (Count I) and, pursuant to Fla. Stat. §§624.155(1)(a)(1), (1)(b)(1), and 626.9541(1)(i)(3), First Party Bad Faith (Count II). The crux of this motion to dismiss is whether Plaintiff's bad faith claim is ripe.

## II.     RELEVANT STANDARD

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.,* 2008 WL 214715, *1 (S.D.Fla. Jan. 24, 2008) (citation omitted). "Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6)." *Powell v. Davis*, 2007 WL 2669432, *1 (N.D.Fla. Sept. 7, 2007) (slip op.) (citation omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Id.* at 1974.

## III.    DISCUSSION

### A.     Ripeness

Aspen initially argues that Count II must be dismissed because "the existence of liability and the extent of damages are elements of the statutory bad faith claim that must be determined before a statutory cause of action for bad faith will lie." *Vanguard Fire and Casualty Co. v. Golmon,* 955 So.2d 591, 594 (Fla. 1st DCA 2006). Defendant contends that because the

complaint contained both the breach of contract claim and the bad faith claim, the extent of coverage is the very issue that must be decided before a bad faith claim is ripe. Royale has responded by arguing that Aspen's tendering of partial payment on the claims is a concession of liability sufficient to ripen the bad faith claim. I find that Defendant Aspen has the better argument, and Count II is not yet ripe. However, I find it is more appropriate to abate Count II, than to dismiss it.

Plaintiff chiefly relies on an unpublished opinion, *Plante v. USF & G Specialty Ins. Co.*, 2004 WL 741382 (S.D.Fla. March 2, 2004), for the proposition that payment on an insurance claim, even if below the policy limit, is a sufficient admission of liability to allow Plaintiff to go forward with its bad faith claim. Plaintiff's reliance is misplaced.

The complaint in *Plante* involved a claim of bad faith and a claim of fraud in the inducement, but no underlying simultaneous claim for breach of contract. 2004 WL 741382 at *2. The Court, noting an absence of clear state law on the issue, found that statutory bad faith claim was ripe for two reasons: First, the court likened the partial payment of claims to an arbitration award for less than the policy limits, which the Supreme Court of Florida had found sufficiently established liability to bring a bad faith claim. *Plante,* 2004 WL 741382 at *4 (citing *Imhoff v. Nationwide Mut. Ins. Co.*, 643 So.2d 617, 618 (Fla. 1994)); second, the Court found that partial payment to the insured waived insurer's coverage defenses and therefore liability had been determined. *Plante*, 2004 WL 741382 at *4.

However, as noted in *Plante*, where there is an underlying breach of contract claim, the law is different. *Id.* citing *Fishkin v. Guardian Life Ins. Co. of Am.*, 22 F.Supp.2d 1365 (S.D.Fla. 1998) (denying a motion to amend to add a claim of bad faith where the underlying breach of contract claim had not yet been resolved). The District Court of Appeal of Florida, First District,

has addressed almost the exact issue presented in the instant motion to dismiss. In *Vanguard Fire and Casualty Co. v. Golmon*, the court analyzed the situation where the complaint contained breach of contract and statutory bad faith claims, *and* the insurer admitted some liability, but refused to pay the policy limits. *Golmon*, 955 So.2d at 593. The court found that even if some liability was admitted, the extent of coverage was still at issue. Specifically, the court stated:

> Both the existence of liability and the extent of damages are elements of a statutory cause of action for bad faith that must be determined before a statutory cause of action for bad faith will lie. Without a final resolution of the actual amount of coverage, the [insured] have not yet established a basis for a bad faith suit.
>
> The [insured] have brought a breach of contract case to determine coverage simultaneously with their bad faith claims. Unlike in the *Blanchard* line of cases, the extent of coverage is the very issue yet to be determined in the breach of contract count now pending below. The partial payment of the policy limits does not settle this question under these circumstances.

*Id.* at 594 (citations omitted).[1] Assuming that some liability was admitted by Aspen by paying part of the policy, this admission still leaves the extent of coverage in dispute. The existence of liability beyond the amount conceded, and the extent of damages beyond that same amount, must be determined before Royale can proceed with its statutory bad faith claims.

While I find that Count II is not yet ripe, I do not find that dismissal is appropriate at this juncture. "Rooted in notions of judicial economy, the doctrine of abatement offers courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues ripen." *O'Rourke v. Provident Life and Acc. Ins.*

---

[1] The *Blanchard* line of cases refers to *Blanchard v. State Farm Mutual Automobile Ins. Co.*, 575 So.2d 1289 (Fla. 1991) and it progeny holding that a claim for bad faith pursuant to Fla. Stat. §624.155 does not accrue until after a breach of insurance contract claim has been resolved, but that payment on an insurance claim can constitute a concession of liability sufficient to permit the bad faith claim to proceed. However, as noted in *Golmon*, those cases did not involve contemporaneous breach of contract claims.

*Co.*, 48 F.Supp.2d 1383, 1385 (S.D.Fla. 1999). Accordingly, I find it is in the interest of judicial economy to abate the statutory bad faith claims, rather than to dismiss them.

### B. Irreparable Harm

Defendant also argues that Count II should be dismissed or abated because defending against the breach of contract and bad faith claims simultaneously could cause irreparable harm. Because I have found that Count II should be abated for lack of ripeness, there is no need to address this argument.

### C. Requirements Under Fla. Stat. §§624.155 And 626.9541, And Federal Rules Of Civil Procedure 8(e) and 10(b)

In addition to arguing that Count II is not yet ripe, Defendant contends: (1) that Plaintiff's complaint fails to establish that the requisite elements for filing a bad faith claim under Fla. Stat. §§624.155 and 626.9541 have been met; (2) that Count II fails to comply with FRCP 8; and, (3) that Count II fails to comply with FRCP 10. I will address and reject these arguments in turn.

Florida Statute §624.155 states in relevant part:

> Any person may bring a civil action against an insurer when such person is damaged:
> (a) By a violation of any of the following provisions by the insurer:
>     1. Section 626.9541(1)(i), (o), or (x);
>                 * * * *
> (b) By the commission of any of the following acts by the insurer:
>     1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests[.]

In order to bring such a claim,

> the [Department of Financial Services] and the authorized insurer must have been given 60 days' written notice of the violation. If the department returns a notice for lack of specificity, the 60-day time period shall not begin until a proper notice is filed.

>   (b) The notice shall be on a form provided by the department and shall state with specificity the following information, and such other information as the department may require:
>
>   1. The statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated.
>
>   2. The facts and circumstances giving rise to the violation.
>
>   3. The name of any individual involved in the violation.
>
>   4. Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.
>
>   5. A statement that the notice is given in order to perfect the right to pursue the civil remedy authorized by this section.

Fla. Stat. §624.155(3)(a) and (b).

Plaintiff's Amended Complaint states that the CRN was filed and Defendant does not dispute this. Instead, Defendant claims that the statute requires that Plaintiff attach the CRN to the Amended Complaint. However, Defendant cites no support for this proposition, and the Court knows of none. Moreover, Defendant's argument that the CRN itself does not meet the requirements of §624.155 is faulty.

First, I note that the third and fifth requirements are not challenged by Defendant and so, will not be addressed. As to the initial requirement, Royale's CRN was submitted on the correct form and listed the statutes Plaintiff alleged Aspen violated. Although Plaintiff did not, on the form, include the specific statutory language, the CRN did specify the pertinent sections and subsections of the statutes, and Plaintiff attached the statutes in their entirety, with annotations. This is sufficient to meet the first requirement. Second, although Royale did not state the

underlying facts leading to the CRN--*i.e.*, damage caused by Hurricane Wilma--the CRN did state that "[Aspen] failed to properly investigate its insured's commercial property loss by tendering partial payments . . . ." This statement was specific enough to put Defendant on notice and satisfies the second requirement. Next, Plaintiff was required to *briefly* reference the specific language of the policy relevant to the alleged violation. *See* CRN [DE 25, attachment 1]. Given the restrictive space provided on the CRN form, Plaintiff's listing of the relevant sections of the policy satisfies the requirement.

Moreover, it bears noting that the CRN was accepted for purposes of starting the 60-day clock by the Department of Financial Services. Based on the reasoning above, I find that Plaintiff satisfied the requirements of Fla. Stat. §624.155.

Plaintiff, however, has not satisfied the requirements of Fla. Stat. §626.9541. The same basic requirements under §624.155 continue to apply to maintain a cause of action for unfair trade practice under §626.9541. Here, Plaintiff has not satisfied the second requirement. Plaintiff was required to provide adequate notice of the facts and circumstances that support the allegation that Defendant committed violations with

> such frequency as to indicate a general business practice any of the following:
> a. Failing to adopt and implement standards for the proper investigation of claims;
> b. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
> c. Failing to acknowledge and act promptly upon communications with respect to claims;
> d. Denying claims without conducting reasonable investigations based upon available information[.]

Fla. Stat. §626.9541(1)(i)(3). Instead, Plaintiff merely restated the language of the statute and did not provide any additional information to substantiate the "general business practice" claim. This

defect exists in both the CRN and the Amended Complaint.

Plaintiff has until Friday, March 7, 2008, to correct the Amended Complaint to comply with the requirements noted above. If Plaintiff fails to sufficiently correct the Amended Complaint by that date, Plaintiff's cause of action under Fla. Stat. §626.9541 may be dismissed. Accordingly, subject to the foregoing, Defendant's motion to dismiss, as it pertains to the Fla. Stat. §626.9541 claim in Count II, is denied without prejudice.

I now turn to Defendant's arguments that Count II does not comply with Federal Rules of Civil Procedure 8(e) and 10(b). At the outset, I note that on this issue, Defendant's motion and memorandum fails to cite any case law, or to even provide examples of the language in Count II that Defendant believes violates Rule 8(e). To comply with FRCP 8(e), "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8.

Count II consists of four paragraphs. The first re-adopts and reincorporates previous paragraphs, and the last claims damages as a result of Defendant's alleged bad faith. The second and third paragraphs set forth the claim as follows:

> []This is a cause of action sounding in statutory bad faith against INSURER pursuant to Florida Statute §624.155(1)(a)(1); (1)(b)(1); and 626.9541(1)(i)(3).
>
> []INSURANCE COMPANY failed to properly investigate the property damage sustained to THE BUILDINGS as evidenced by the fact that it tendered partial payment on ASSOCIATION'S insurance claim as part of its general business practice of failing to settle claims and/or inadequately investigating claims when, under all of the circumstances, it could have and should have done had it acted fairly and honestly towards ASSOCIATION with due regard for its interests.

Pleadings do not get much more simple, concise, or direct. Count II is more than sufficient to place defendant on notice of the claims. Accordingly, Defendant's motion to dismiss Count II on

the grounds that it fails to comply with FRCP 8(e) is denied.

As for FRCP 10(b), Defendant's argument again fails. Defendant argues that by re-adopting and reincorporating all previous paragraphs into each count, Plaintiff has created a "shotgun pleading," making it difficult or impossible to determine which allegations of fact are meant to support which claim or claims. True "shotgun pleadings" involve the situation where the pleadings are "replete with factual allegations that could not possibly be material to any of the causes of action they assert." *Pelletier v. Zweifel,* 921 F.2d 1465, 1518 (11th Cir. 1991). This is not the case here. Although Plaintiff as adopted and incorporated all of the factual allegations into both counts of the Amended Complaint, Count II (bad faith), as discussed *supra*, is necessarily reliant on the factual allegations supporting Count I (breach of contract). Simply put, here the facts necessary to support a claim of breach of contract will also be necessary to support a claim of bad faith, if it is determined that a breach occurred. Accordingly, Defendant's motion to dismiss Count II on the grounds that it fails to comply with FRCP 10(b) is denied.

### III.     CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant Aspen's motion to dismiss is granted in part and denied in part, as follows:

(1) Defendant Aspen's motion to dismiss is **GRANTED** insofar as Count II of the Amended Complaint is **abated** until such time as it becomes ripe for review;

(2) Because Count II is being abated, the irreparable injury argument is moot at this time. If, later, Count II becomes ripe, the Defendant may freely raise the irreparable injury argument at that time.

(3) Defendant Aspen's motion to dismiss Count II, as it pertains to Plaintiff Royale's claim under Fla. Stat. §626.9541, is **DENIED** *without prejudice.* Plaintiff has until

Friday, March 7, 2008, to correct the Amended Complaint. Failure to sufficiently correct the Amended Complaint by that date, may result in dismissal of Plaintiff's cause of action under Fla. Stat. §626.9541.

(4) Defendant Aspen's motion to dismiss Count II on the grounds that it either violates or does not comply with Fla. Stat. §624.155, FRCP 8(e), or FRCP 10(b), is **DENIED**.

**DONE AND ORDERED** in Chambers, at Miami, FL this 25th day of February 2008.

_____
MARCIA G. COOKE
United States District Judge