UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-21404-CIV   COOKE/BANDSTRA

ROYALE GREEN CONDOMINIUM
ASSOCIATION, INC.,

    *Plaintiff*,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

    *Defendant*.

_____/

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXPERT WITNESS REPORT AND TESTIMONY

**THIS CAUSE** is before the Court upon Plaintiff's Motion In Limine to Exclude Defendant's Expert Witness Report and Testimony [DE 55], filed March 27, 2008.  The basic facts of this case are set forth in prior documents.  The only issue presented in this motion is the admissibility of an expert's report and testimony.  Plaintiff argues that Defendant's expert witness's report is both irrelevant and unreliable as to the determination of the extent of property damage suffered by Plaintiff, rendering the probative value of Defendant's report as being greatly outweighed by the danger of unfair prejudice.  Although Plaintiff purports to challenge the reliability of the Defendant's expert's "visual inspection" method in general, the sole basis for Plaintiff's argument seems to be the failure of the Defendant's expert to perform both uplift resistance and moisture content testing in accordance with the methods prescribed by the Florida Building Code.

In Defendant's Response, [DE 62], Aspen contends that its expert's report is both relevant and reliable, and thus, should not be excluded.  Defendant argues that its report is

relevant because, *inter alia*, it has a tendency to establish the degree of property damage caused by Hurricane Wilma, as opposed to damage caused by previous storms, *i.e.*, Hurricane Andrew. Defendant argues that the report is reliable in that the inspection method employed by Defendant's expert was sufficiently reliable as to render exclusion improper.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court stated that trial courts are the gatekeepers to the admission of all expert testimony and must ensure that any and all expert testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). In order to determine the admissibility of expert testimony, a district court must consider whether: (1) The expert is qualified to testify competently as to the subject matter he intends to address; (2) the method employed by the expert is sufficiently reliable; and (3) the testimony assists the trier of fact to comprehend the evidence through the application of the witness's expertise. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois U.K. Ltd.*, 326 F. 3d 1333, 1340-41 (11th Cir. 2003). For the purposes of its Motion to Exclude, Plaintiff only challenges the reliability and relevance of Defendant's expert's report and does not contest Defendant's expert's qualifications or competency. Thus, it is unnecessary to enter into the first prong of the Daubert analysis.

The reliability prong of the analysis requires the trial court to perform "an exacting analysis of the proffered expert's methodology." *McCorvey v. Baxter Healthcare Corp.*, 298 F. 3d 1253, 1257. However, "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech.*, 326 F. 3d at 1342. Plaintiff relies on an unpublished case, *Florida Power and Light Company v. Qualified Contractors, Inc.*, 2005 WL 5955702 (S.D. Fla. 2005), to support its claim that the Defendant's report should be

excluded because it is not based on reliable methods. The case here, however, is clearly distinguishable. In *Florida Power and Light*, which involved a determination of the cause of failure of a generator, the expert admitted that his opinion was based exclusively on a review of documents and that neither he nor anyone on his staff conducted any physical investigation of the generator. *Id.* at *3. For those reasons, among others, the court in *Florida Power and Light* ruled that the expert's report was inadmissible. *Id.* Here, Plaintiff concedes that Defendant's report is based on a physical inspection.

Although Plaintiff challenges the reliability of Defendant's expert's method in general, the crux of Plaintiff's argument seems to be the failure of Defendant's expert to perform the required testing pursuant to the Florida Building Code[1]. Defendant's expert did, however, perform roof cuts in order to examine the moisture content and whether the insulation layer had been pulled over the fastener heads, in addition to conducting a detailed visual inspection. Defendant's expert also examined the exposed fastener heads for uplift. The contested report is not based on mere speculation, *cf. McCorvey*, 298 F. 3d at 1256 (concluding that the "engineering expert was not scientifically reliable and that his causation opinion was based wholly on speculation"), but appears to be based on a thorough visual inspection of Plaintiff's property. Regardless, objections to the inadequacies of such an inspection are usually "more appropriately considered an objection going to the weight of the evidence rather than its admissibility." *Quiet Tech.*, 326 F. 3d at 1345 (quoting *Hemmings v. Tidyman's Inc.*, 285 F.3d

---

[1] Under Section 1521 of the Florida Building Code (titled "High Velocity Hurricane Zones - Reroofing," subsection 1521.10 requires that an uplift test be performed in accordance with TAS 124 prior to bonding recover roofing onto the existing roofing membrane. Subsection 1521.12 requires that the moisture content of the existing roofing assembly be tested in accordance with TAS 126 prior to application of a new roofing system.

1174, 1188 (9th Cir. 2002)).  Therefore, any shortcomings in the Defendant's expert's inspection, as a result of not performing tests in accordance with particular test methods, goes to the weight of the evidence, and these possible shortcomings should be tested by the adversary process rather than excluded from evidence.  *Id.* at 1345.

Plaintiff, in two lines of its motion, also claims that certain portions of Defendant's report are irrelevant.  However, Plaintiff cites no case law to support its claim and merely concludes that the portions are irrelevant.  "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  "The Rules' basic standard of relevance thus is a liberal one."  *Daubert*, 509 U.S. at 587.  Because the Court sees reasons why those portions might be relevant, Plaintiff's claim of irrelevance is rejected.

The Court, having reviewed the motion and having been fully briefed by both parties on the matter and being otherwise advised, hereby, **ORDERS AND ADJUDGES** that the Plaintiff's Motion In Limine to Exclude Defendant's Expert Witness Report and Testimony [DE 55] is **DENIED**.

Because the Court has denied Plaintiff's Motion in Limine to Exclude [DE 55], Defendant's Motion to Strike and/or Alternatively for Leave to Respond to Plaintiff's Reply [DE 67] and Amended Motion to Strike and/or Alternatively for Leave to Respond to Plaintiff's

Reply [DE 70] are **DENIED** as *moot*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of June, 2008.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*