UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 07-CIV-21404  COOKE/BANDSTRA

ROYALE GREEN CONDOMINIUM
ASSOCIATION, INC.,

    *Plaintiff*,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

    *Defendant*.

_____/

## SUPPLEMENTAL ORDER ON
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** is before the Court upon Plaintiff's Motion for Reconsideration [DE 66], filed May 21, 2008.  I granted the Motion for Reconsideration and instructed the Defendant to file a Response to the merits of Plaintiff's argument [DE 76].  The Motion is now ripe.  The question presented requires this Court to reconsider only a portion of the previous Order denying Plaintiff's Motion for Partial Summary Judgment.  Specifically, Plaintiff argues that permitting a deductible in excess of five-percent of the total insured value of a building is contrary to Florida statute.  Plaintiff did not ask this Court to reconsider its ruling that the deductible applies per building, per occurrence.

Before addressing the statute in question, I note that Plaintiff, in its Reply brief only, has again argued that the Policy is ambiguous with regards to the deductible.  This facet of the argument is inappropriate at this juncture, as well as faulty.  This Court has already determined that the Policy is not ambiguous [DE 64].  Moreover, the basis for reconsideration was not ambiguity in the Policy, but a pure legal question of whether the Policy, as already interpreted by

the Court, violated Florida law. Even if this Court had not already addressed the issue of ambiguity at length, raising the issue in a Reply brief is inappropriate and untimely.[1] *See* Local Rule 7.1.C. And, resolving the present question of the application of the statute to the Policy will only serve to clarify the *legally permissible* deductible. Simply put, no question of interpretation of the Policy exists for the Court to examine.

### Florida Statute §627.701

Florida Statute §627.701 has gone through several permutations since its enactment. Relevant here are the three versions that overlap the time from the effective date of the Policy, May 21, 2005, through the date of loss, October 24, 2005, and subsequent alleged breach. The Court and parties are interested in only one particular section of the statute, dealing with the offer of a deductible to a condominium association. Effective December 21, 2004 to May 31, 2005, the statute read:

> (9) Notwithstanding the other provisions of this section or of other law, but only as to hurricane coverage as defined in s. 627.4025 for commercial lines residential coverages, **an insurer may offer a deductible in an amount not exceeding 5 percent of the insured value with respect to a condominium association or cooperative association policy, or in an amount not exceeding 10 percent of the insured value with respect to any other commercial lines residential policy, if, at the time of such offer and at each renewal, the insurer also offers to the policyholder a deductible in the amount of 3 percent of the insured value.** Nothing in this subsection prohibits any deductible otherwise authorized by this section. All forms by which the offers authorized in this subsection are made or required to be made shall be on forms that are adopted or approved by the commission or office.

---

[1] For this same reason, the Court will not address Plaintiff's conclusory statement that Defendant may have been precluded by statute from offering the deductible as a percentage, rather than a fixed sum of money. The Court also declines to address Plaintiff's argument that the five-percent deductible may be invalid because Defendant has not presented proof that it also offered a three-percent deductible. Again, the first time Plaintiff has raised this issue is in its reply to its motion for reconsideration.

In the next version, effective June 1, 2005, to September 30, 2005, the above paragraph was included verbatim.  The third version, effective October 1, 2005, to January 24, 2007, contained a significant change, increasing the maximum deductible to ten-percent, up from the previous maximum of five-percent:

> (8) Notwithstanding the other provisions of this section or of other law, but only as to hurricane coverage as defined in s. 627.4025 for commercial lines residential coverages, **an insurer may offer a deductible in an amount not exceeding 10 percent of the insured value if, at the time of such offer and at each renewal, the insurer also offers to the policyholder a deductible in the amount of 3 percent of the insured value.** Nothing in this subsection prohibits any deductible otherwise authorized by this section. All forms by which the offers authorized in this subsection are made or required to be made shall be on forms that are adopted or approved by the commission or office.

**Discussion**

Plaintiff contends that the statute in effect on the effective date of the Policy is controlling, and that therefore, any deductible exceeding five-percent violates the statute.  If that is the case, argues Plaintiff, than the $100,000 minimum deductible (which exceeds five-percent of the total insured value of any one building) should be void.

Defendant asserts four arguments in response.  Primarily, Defendant argues that there is an express exception to the five-percent maximum in the 2004 version[2], and that Plaintiff has not shown why that exception does not apply.  Further, Defendant argues that the October 1, 2005, version of the statute is equally applicable here and that under that version, there is a ten-percent maximum deductible.  Finally, Defendant argues that the language of the statute is permissive, not mandatory, and provides no penalty for a violation, and therefore even in the face of a alleged

---

[2]The October 1, 2005, version did away with this exception by eliminating the distinction between condo, co-op, and other commercial lines residential coverage.

violation, the Policy provision should still be found valid and enforceable.[3]  I address all four arguments in turn.

Defendant's argument that the statute provides an exception for a deductible up to ten-percent fails on the face of the statute.  The plain language 2004 version of the statute is pellucid with regard to the ten-percent exception.  The relevant text is: "an insurer may offer a deductible in an amount not exceeding 5 percent of the insured value with respect to **a condominium association or cooperative association policy**, or in an amount not exceeding 10 percent of the insured value **with respect to any other commercial lines residential policy**[.]" Fla. Stat. Ann. §627.701(9) (2004) (eff. Dec. 21, 2004) (emphasis added).  The text delineates between "a condominium association or cooperative association policy" and "any other commercial lines residential policy."  There is no argument in this case that the Policy is anything other than a condominium association policy.  The delineation between the types of policies is clear, and the exception pertaining to "any other commercial lines residential policy" is inapplicable here.

First, the general rule in Florida is that the statute in effect at the time the contract is made is the controlling law.  *Lumbermens Mut. Cas. Co. v. Ceballos*,  440 So.2d 612, 613 (Fla.App. 3 Dist.,1983) ("It is well settled in Florida that the statute in effect at the time the insurance contract is executed governs any issues arising under that contract.").  One exception to this rule is where a statute relates to remedies or procedures, but does not affect contractual or vested rights.  Specifically, if the new statute does not affect substantive rights, it may be applied retroactively.  *Rothermel v. Florida Parole and Probation Comm'n*, 441 So.2d 663, 664

---

[3]Although the Court would like to treat this situation as one involving a willing-buyer, a willing-seller, and an otherwise valid contract, the clear intent of the legislature to cap deductibles, coupled with the heavy regulation of hurricane and windstorm insurance, requires this Court to fully vet the Policy provision and controlling law.

(Fla.App. 1 Dist.,1983) ("[S]tatutes which do not alter contractual or vested rights but relate only to remedies or procedure are not within the general rule against retrospective operation and, absent a saving clause, all pending proceedings are affected."). If I conclude that the October 1, 2005, version of §627.701 is procedural or remedial, does not affect contractual or vested rights, and should be applied retroactively, then I must also conclude that my prior Order need not be amended because the five-percent provision would not violate the statute. However, I am compelled to conclude, by application of Florida law, that only the 2004 statute is applicable.

"A remedial statute is 'designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good.' It is also defined as '(a) statute giving a party a mode of remedy for a wrong, where he had none, or a different one, before.' Black's Law Dictionary, 5th Ed., 1979." *Adams v. Wright,* 403 So.2d 391, 394 (Fla., 1981). Although the definition cited to is nearly thirty years old, it remains accurate. *See* Black's Law Dictionary, 8th Ed., 2004 ("**remedial statute**. A law that affords a remedy."). "Substantive statutes either 'create[ ] or impose [ ] a new obligation or duty,' or 'impair or destroy existing rights.' Procedural statutes, on the other hand, 'concern[ ] the means and methods to apply and enforce those duties and rights,' and 'no one has a vested interest in any given mode of procedure.'" *Life Care Centers of America, Inc. v. Sawgrass Care Center, Inc.*, 683 So.2d 609, 613 (Fla.App. 1 Dist., 1996) (citations omitted).

The 2004 statute created both an obligation and duty on the part of an insurer. Any insurer was constrained (*i.e.*, obligated) to offer a deductible not exceeding five-percent and in order to even offer that high a deductible, was required (*i.e.*, had a duty) to also offer a three-percent deductible. *See infra*. The 2005 statute maintained the same obligation and duty, but increased the maximum deductible an insurer could permissibly offer. The 2005 statute did not

create a new remedy, nor did it address the "means and methods to apply and enforce" an insurer's duty to offer the lower deductible. Just as there are usury statutes that limit interest percentage rates, this statute limits deductible percentage rates. *See, e.g.*, Fla. Stat. Ann. §687.03 (2008). Accordingly, I find that the 2005 statute does affect substantive rights and the exception allowing for retrospective application of statutes is inapplicable.

Additionally, Defendant's contention that the statute is permissive is incorrect. Although the statute does indeed use "may" as opposed to "shall" or "must" or some other clearly mandatory language, the mere use of permissive language here does not make the statute permissive. We must look at the entire provision, and related provisions, to discern the meaning of the statute. *Quarantello v. Leroy*, 977 So.2d 648, 651-52 (Fla.App. 5 Dist., 2008) ("Statutory interpretation is a holistic endeavor . . . and when engaged in the task of discerning the meaning of a statute, we will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute . . . .") (citations and quotation marks omitted). "[R]elated statutory provisions must be read together to achieve a consistent whole, and . . . '[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.' " *Woodham v. Blue Cross & Blue Shield, Inc.*, 829 So.2d 891, 898 (Fla. 2002) (quoting *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So.2d 452, 455 (Fla. 1992) (internal citation omitted)). A plain reading of the language indicates the restrictive nature of the provision. Put into simpler, though longer language, §627.701(8) permits an insurer to offer a deductible exceeding three-percent of the insured value, but still limited to five- or ten-percent depending on the effective date of the statute, only if the insurer has also offered a three-percent deductible. The "in an amount not exceeding" language, combined with the restriction that a three-percent deductible must also be

offered for the higher percentage to be available, illustrates that this statute is mandatory and restrictive, not permissive.

Furthermore, the lack of an express penalty is not determinative of my application of the statute. The Legislature made its intent known in the 2004 version of §627.701(6)(a):

> It is the intent of the Legislature to encourage the use of higher hurricane deductibles as a means of increasing the effective capacity of the hurricane insurance market in this state and as a means of limiting the impact of rapidly changing hurricane insurance premiums. The Legislature finds that the hurricane deductibles specified in this subsection are reasonable when a property owner has made adequate provision for restoration of the property to its full value after a catastrophic loss.

This express intent, however, does not manifest a desire to allow insurance providers to offer any deductible. To the contrary, as noted above, the Legislature placed an explicit cap on the deductible percentage rate.

The case relied upon by Defendant, *Chalfonte Condo. Apt. Ass'n. v. QBE Ins. Corp.*, 526 F.Supp.2d 1251 (S.D.Fla. 2007), does not bolster its argument. The court there found that because §627.701(4)(a) did not provide for an express penalty[4], the court would not supply one. The tripartite basis of Judge Middlebrooks' decision was the legislature's clear ability to supply a penalty, a statute that appears to state that in the absence of an express penalty, any violative provision should remain valid, and that no one possible penalty seemed better than any other. *Id.* at 1257.

Judge Middlebrooks' was undoubtedly correct that the legislature is more than capable of providing an express penalty when it so chooses, and that this is evidenced by several related statutes providing penalties for violations. *See, e.g.,* Section 627.6474 ("Any violation of this

---

[4]Section 627.701(4)(a) requires that a policy containing a separate hurricane deductible must include certain language, in boldface type no smaller than 18 points.

section [on health insurance provider contracts] is void."); section 627.415 ("Any policy provision in violation of this section [relating to charter or bylaw provisions] is invalid."). Other examples exist, but there is no dispute that the legislature is able to, and often does, provide express penalties for violations of statutory requirements. And, as Judge Middlebrooks also noted, §627.701(4)(a) "does not imply an particular penalty for not following its requirement." *Id.* at 1259. Unlike §627.701(4)(a), however, where no construction would yield a remedy or penalty for violation, the plain language of §627.701(9) provides the solution. It is implicit in the text of §627.701(9) that in a condominium association policy, a deductible exceeding five-percent of the insured value is invalid to the extent it exceeds five-percent. This is the "penalty." There is no need to attempt to construct a penalty, nor to choose between possible penalties.

Even applying §627.418(1) does not change this result. Section 627.418(1), in relevant part, states:

> Any insurance policy, rider, or endorsement otherwise valid which contains any condition or provision not in compliance with the requirements of this code shall not be thereby rendered invalid, except as provided in s. 627.415, but shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy, rider, or endorsement been in full compliance with this code.

Construing the provision at issue here as if it were in compliance would result in a five-percent maximum deductible, invalidating only the $100,000 minimum, not the entire provision.

**Conclusion**

In sum, I find that the §627.701(9), effective December 21, 2004 to May 31, 2005, is controlling. Applying that statute, the Policy provision at issue, providing for a five-percent deductible, with a minimum $100,000 deductible, <u>cannot</u> be enforced as construed in this Court's earlier Order Denying Plaintiff's Motion for Partial Summary Judgment. *See* DE 64. However,

the deductible provision is not entirely invalidated. In accordance with the above discussion, the provision applies as follows:

> A Deductible of 5% of TIV shall be applied to each building, per occurrence, with no payment to be made to the insured unless the adjusted assessed damage to an individual building exceeds the Deductible for that building.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment [DE 32] is still **DENIED**. It is further **ORDERED** that this Order amends the Court's previous Order [DE 64] only to the extent that the $100,000 minimum is invalidated.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of July, 2008.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*