UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-21404-CIV-COOKE/BANDSTRA

ROYALE GREEN CONDOMINIUM
ASSOCIATION, INC.,

    *Plaintiff*,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

    *Defendant*.

_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Partial Summary Judgment [DE 109]. The question before the Court is whether, under Fla. Stat. § 627.428, Plaintiff is entitled to attorney's fees. Plaintiff argues that attorney's fees should be awarded for: (1) Defendant's failure to render payment for damages to the interiors of individual condominium units; and (2) Defendant's failure to apply an appropriate deductible when issuing payment for property damage. Defendant argues that attorney's fees are inappropriate because a factual dispute exists at to whether the interior damage is covered under the policy. Further, Defendant argues that the Plaintiff is not entitled to fees as a matter of law. Additionally, Defendant asserts that Plaintiff's request for attorney's fees is premature. Lastly, Defendant contends that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules.

**I.     BACKGROUND**

The relevant background of this case has been set forth previously in several documents. Plaintiff Royale Green Condominium Association, Inc. (Plaintiff or "Royale") had insurance

coverage through Defendant Aspen Specialty Insurance Company (Defendant or "Aspen"). During the period when this insurance policy was in full force and effect, Hurricane Wilma caused damage to Royale's condominium buildings. Aspen assigned property damage valuations and determined that only one of Royale's twelve buildings sustained enough damage to exceed the $100,000.00 policy deductible. On July 7, 2006, Aspen tendered a check in the amount of $41,241.42 for damage to Royale's building 12860. The $41,241.42 payment was calculated by subtracting depreciation in the amount of $36,145.92 and the policy deductible of $100,000.00 from total damages of $177,387.13. Royale originally filed suit on April 23, 2007. On June 20, 2007, without intervention by this Court, Aspen tendered an additional payment of $26,750.00 to Royale; this payment represents the difference between the deductible based upon five-percent of the total insured value ($73,500.00) per building and the $100,000.00 deductible that Aspen originally applied. The parties disputed how the deductible should be applied. On May 14, 2008, this Court Ordered that a deductible of five-percent of the total insured value or $100,000.00, whichever is greater, shall be applied to each building, per occurrence. *See* [DE 64]. On July 28, 2008, after Aspen voluntarily paid $26,750.00, this Court Ordered that pursuant to Fla. Stat. §627.701, Aspen was prohibited from charging a deductible greater than five percent of the total insured value of the condominium property. *See* [DE 93].

      The parties have also disputed the extent of interior coverage for Royale's buildings. This Court has found that a material fact exists concerning the manner in which water entered into Royale's buildings, and therefore, whether Aspen has an obligation to provide payment for interior damage to individual units. *See* [DE 162]

## II. RELEVANT STANDARD

### A. Summary Judgment

Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue as to any material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Only the existence of a genuine issue of material fact, as opposed to a simple factual dispute, will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). No genuine issue of material fact exists when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III. ANALYSIS

### A. Attorney's Fees for Payment Covering Interior Damage

Plaintiff argues that, pursuant to Fla. Stat. § 627.428, attorney's fees should be awarded by the Court for litigating policy coverage for the interiors of individual condominium units. Attorney's fees should be awarded, according to Plaintiff, because Aspen admits that insurance coverage exists for interior condominium damage, Aspen has a contractual duty to pay for interior damage, and Aspen has failed to tender payment for interior damage. Further, Plaintiff asserts that Defendant, before litigation was initiated, failed to inspect the damage to interior portions of the buildings. Plaintiff contends that the reason Aspen failed to perform an initial inspection of the interior damage was because of statements made by Wayne Marks, who was an independent insurance adjustor hired by Aspen. Specifically, "[Royale] contends that the reason for [Aspen] not investigating the interiors of the units during, at a minimum, the Second Investigation, was because [Aspen], by and through its adjuster, Wayne Marks, ACM,

communicated to [Royale's] representatives . . . that there was no insurance coverage for the interiors of the units comprised of [the buildings]." (Pl.'s Mot. for Partial Summ. J. at 15). However, Plaintiff argues that the Defendant has now conceded that the interiors of condominium units are covered under the policy, but still fails to tender an insurance payment.

Fla. Stat. § 627.428 provides for attorney's fees when an insurer has a contractual obligation to pay, fails to render full payment, and judgment is later rendered against the insurer upon the claim:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
> . . . .
> (3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

Fla. Stat. § 627.428(1),(3)

Following Fla. Stat. § 627.428, a judgment is necessary for the Court to award attorney's fees. However, under the confession of judgment doctrine, payment issued by an insurer after suit has been filed, but before the conclusion of the case, fulfills the judgment requirement. "Florida courts have held that [a]n insurer will owe attorney's fees to its insured where coverage is disputed and the insured prevails whether by judgment or a confession of judgment. Generally, [p]ayment made after a suit is filed operates as a confession of judgment." *Jerkins v. USF&G Specialty Ins. Co.*, 982 So. 2d 15, 17 (Fla. 5th DCA 2008) (quoting *First Floridian Auto & Home Ins. Co. v. Myrick*, 969 So. 2d 1121, 1124 (Fla. 2d DCA 2007) (internal quotation marks omitted). The *Jerkins* court explains the rationale of the doctrine as, "[t]he confession of

judgment doctrine turns on the policy underlying section 627.428: discouraging insurers from contesting valid claims and reimbursing insureds for attorney's fees when they must sue to receive benefits owned to them." *Id*. at 17. Therefore, attorney's fees may be awarded either where there is a judgment or a confession of judgment.

Defendant has yet to tender payment for interior condominium unit damage. Plaintiff argues that Defendant's actions amount to a confession of judgment:

> [Aspen's] conduct of admitting coverage to the interiors of the units after association filed the [i]nsurance [l]itigation and further admitting that the interiors have been damaged but failing to quantify such damages which, of course, [Aspen] has the contractual obligation to do, but has not done, operates as the functional equivalent to a confession of judgment . . . .

(Pl.'s Mot. for Partial Summ. J. at 16).

Plaintiff has not cited a case supporting the proposition that the confession of judgment doctrine extends to situations where the insurer has not provided payment or settlement has not taken place. It appears that either payment by the insurer or settlement is necessary before applying the confession of judgment doctrine. *See Jenkins*, 982 So. 2d at 17 ("[V]oluntary payment by the insurer is the equivalent of a confession of judgment against it."); *see also Grow v. First Nat'l Ins. Co. of Am.*, No. 2:06 cv11/MCR/MD, 2008 WL 141481 at * 3 (N.D. Fla. Jan. 11, 2008) ("To recover attorney's fees under § 627.428 there must be a judgment in favor of the insured. Settlement of a claim or payment of an appraisal determination can constitute a confession of judgment."); *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1295 (M.D. Fla. 2006) (". . . . Florida courts have held that, in certain circumstances, payment of the claim is the functional equivalent of a confession of judgment or verdict in favor of the insured . . . ."). Therefore, although under the confession of judgment doctrine, payment

by the insurer generally establishes judgment in favor of the insured, there is no corollary that an admission that damages exists, without quantifying the damages and without admission of liability for damages, also establishes a confession of judgment. Plaintiff acknowledges that Defendant has yet to pay for interior condominium unit damage. Since Aspen has not paid for interior condominium damage, I find that it is inappropriate to apply the confession of judgment doctrine.

Furthermore, the issue of attorney's fees due for litigating the issue of payment for interior damage is not yet ripe. Defendant does not deny that under certain circumstances policy coverage exists for the interiors condominium units, but contends that the damage must have occurred under a covered cause of loss stated in the insurance policy. "It is clear that the policy provides coverage for interior damage caused by windstorm or hail pursuant to the [cause of loss] policy provision, but only if the exact requirements of this peril are met . . . ." (Def.'s Resp. to Pl's Mot. for Partial Summ. J. at 3). This Court has found that a material factual dispute exists as to whether interior damage occurred from water entering the air conditioning system or damage to the structural roof, leaving unanswered the question of whether the damage is compensable under a covered cause of loss in the policy. *See* [DE 162]. Since a judgment or a confession of judgment has not been established and an issue of material fact remains, Plaintiff's Motion [DE 109] for interior condominium unit damage is denied without prejudice. Plaintiff can refile, if appropriate, after a judgment or a confession of judgment.

      **B.**      **Attorney's Fees for Litigating the Policy Deductible**

Plaintiff argues that attorney's fees should be awarded for expenses in litigating the correct  deductible amount under the policy. Plaintiff contends that, "[Aspen] unreasonably

withheld payment, at a minimum in the amount of Twenty Six Thousand Seven Hundred and Fifty Dollars ($26,750.00) to [Royale] for over a year until [Royale] was compelled to file [i]nsurance [l]itigation." (Pl.'s Mot. for Partial Summ. J. at 14). Defendant argues that, since litigation is ongoing, it is not judicially economical to rule upon attorney's fees at this stage in the litigation and attorney's fees should only be considered after the conclusion of litigation.[1] Further, Defendant argues that entitlement to attorney's fees are not established as a matter of law. Lastly, Defendant asserts that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Southern District of Florida. Specifically, Defendant contends that Plaintiff has failed to comply with Fed.R.Civ.P. 54(d)(2) and L.R. 7.3(B), requiring Plaintiff to state and verify the amount sought. *See infra*.

As discussed above, under the confession of judgment doctrine, payment by the insurer after litigation has been filed, but before judgment is rendered by the court, acts a judgment against the insurer for purposes of attorney's fees. *Grow*, No. 2:06 cv11/MCR/MD, 2008 WL 141481 at * 3. See also *supra*. The deductible amount assessed by the insurer has a direct effect upon final payment because the deductible is subtracted from total damages to arrive at the final insurance payment. When an the insurer applies a higher deductible than allowed by the policy or law, the insurer has in effect, wrongfully withheld payment. "Florida law is clear that in 'any dispute' which leads to judgment against the insurer and in favor of the insured, attorney's fees shall be awarded to the insured." *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684 (Fla. 2000).

Aspen admits that, on June 20, 2007, payment was made in the amount of $26,750.00.

---

[1]Defendant's argument that it would be premature for this Court to rule attorney's fees before conclusion of litigation is unpersuasive. Attorney's fees may be awarded where there is a confession of judgment. Further, it does not significantly burden the court to rule upon fee entitlements which are now ripe.

The additional payment of $26,750.00 represents the difference between the deductible based upon five-percent of the total insured value ($73,500.00) per building and the $100,000.00 deductible that Aspen originally applied. The payment was issued after Royale had filed suit, but before this Court ordered that the maximum deductible that could be assessed under Florida law, at the effective policy date, was five-percent of the total insured value of the property. *See* [DE 93]. Here, Aspen cannot rely on the deductible language in the policy. At the effective date of the policy, Florida law prohibited a deductible over five-percent of the total insured value of the property. *See Id*. In a weak attempt to avoid attorney's fees, Aspen asserts that it paid the deductible difference before Royale filed a Motion for Partial Summary Judgment with Respect to Construction of the Insurance Policy [DE 32]. Therefore, Aspen contends that it submitted payment before litigation had been initiated for the deductible issue. Aspen's argument lacks merit. Case law states that payment issued "after suit is filed" establishes the entitlement of attorney's fees. *See Jerkins v. USF & G Specialty Ins. Co.*, 982 So. 2d 15, 17 (Fla. 5th DCA 2008) (stating that "the statutory obligation for attorney's fees under section 627.428 cannot be avoided simply by paying the policy proceeds after suit is filed but before a judgment is actually entered . . . .") (citing *Gibson v. Walker*, 380 So. 2d 531 (Fla. 5th DCA 1980)) (internal quotation marks omitted).

Defendant asserts that attorney's fees should not be awarded upon a Motion for Partial Summary Judgment. "[E]ntitlement to attorney's fees may be . . . a question of fact not subject to summary adjudication." (Def.'s Resp. to Pl's Mot. for Partial Summ. J. at 7). However, Florida Courts have granted summary judgment for attorney's fees. *Stewart v. Midland Life Ins. Co.*, 899 So. 2d 331 (Fla. 2d DCA 2005).

Defendant relies upon *Grow*, No. 2:06 cv11/MCR/MD, 2008 WL 141481 at * 3-4, when

arguing that attorney's fees are not automatically due when there has been a confession of judgment. The *Grow* court stated that, "attorney's fees are not warranted where the insurance company did not wrongfully withhold the insured's benefits." *Id*. at *3. The Defendant contends that since the court must consider whether the insurer acted wrongfully, a question of fact is presented. However, the Florida Supreme Court has stated, "[i]t is the incorrect denial of benefits, not the presence of some sinister concept of 'wrongfulness,' that generates the basic entitlement to the fees if such denial is incorrect." *Ivey*, 774 So. 2d at 684. It appears, when courts use the word "wrongful," they are referring to the insurer's decision to deny payment when a clear duty to pay exists, and the insured must resort to litigation to compel payment. *See Grow v. First Nat'l Ins. Co. of Am.*, No. 2:06 cv11/MCR/MD, 2008 WL 141481 at *4 (N.D. Fla. Jan 11, 2008) (finding that the insured was not entitled to attorney's fees because lawsuit was not needed to compel the insured to participate in the appraisal process); *see also Ivey*, 774 So. 2d at 685 (noting that it was only after the insured had resorted to litigation that the insurer voluntary paid); *Tristar Lodging, Inc.*, 434 F. Supp. 2d 1286, 1300 (stating that "attorney's fees are not available under the statute unless there is a showing that the insurance company incorrectly denied benefits").

   I find that Aspen wrongfully denied payment. Fla. Stat. § 627.701 prohibited a deductible rate over five-percent of the insured value of property; however, Defendant, in its Supplemental Response to Plaintiff's Motion for Reconsideration on Order Denying Plaintiff's Motion for Summary Judgment, [DE 79], made four arguments against applying the maximum five-percent rate. Defendant's main argument was that there was an exception to the Fla. Stat. § 627.701. This Court's Supplemental Order on Plaintiff's Motion for Partial Summary Judgment stated that there was no merit to Defendant's four arguments and ruled that Fla. Stat. § 627.701 prohibited

Aspen from assessing a deductible higher than five-percent of the insured property value. *See* [DE 93]. Aspen's actions resulted in the incorrect denial of benefits, because as a matter of law, an excessive deductible was applied. Moreover, Aspen paid the additional amount after suit had been filed.

Lastly, Defendant contends that Plaintiff has failed to fully comply with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 7.3 B. Defendant argues that "based upon failure to comply with these rules, Defendant [Aspen] asserts that any motion for attorney's fees, or to establish entitlement to attorney's fees, should be stricken." (Def.'s Resp. to Pl's Mot. for Partial Summ. J. at 5). The relevant provision of Fed. R. Civ. P. 54(d)(2) provides:

> **(d) Costs; Attorney's Fees**
> . . . .
>    *(2) Attorney's Fees*
> . . . .
>      (B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:
> . . . .
>         (iii) state the amount sought or provide a fair estimate of it . . . .

Fed.R.Civ.P. 54(d)(2).

It is undisputed that the Plaintiff did not include the amount sought for attorney's fees necessitated by having to litigate the deductible amount. Further, under Local Rule 7.3(B), the movant must comply with additional requirements:

> **B.    Motions for Attorney Fees and/or Costs Prior to Entry of Final Judgment.** Any motion for attorneys fees and/or costs made before entry of final judgment or other appealable order must: (i) specify the statute, rule, or other grounds entitling the moving party to the award; (ii) must state the amount or provide a fair estimate of the amount sought; (iii) shall disclose the terms of any agreement with respect to fees to be paid for services for which the claim is made,

> (iv) shall describe in detail the number of hours reasonably expended, the bases for those hours, the hourly rate(s) charged, and identity of the timekeeper(s); (v) shall describe in detail all reimbursable expenses; (vi) shall be verified; and (vii) shall be supported by an affidavit of an expert witness.  Any such motion shall be accompanied by a certification that counsel has fully reviewed the time records and supporting data and that the motion is well grounded in fact and justified.  Prior to filing a motion for attorneys fees and/or costs, counsel filing the motion shall confer with opposing counsel and make a certified statement in the motion in accordance with Local Rule 7.1.A.3.  The motion shall also state whether a hearing is requested.

L. R. 7.3(B).

Under L.R. 7.3(B), the only requirement that Plaintiff has complied with is subsection (i), by specifying that attorney's fees are sought under Fla. Stat. § 627.428.  I am inclined to grant Plaintiff's attorney's fees for time spent litigating the maximum deductible amount allowable.  However, because Plaintiff has failed to comply with both Fed. R. Civ. P. 54(d)(2) and  L. R. 7.3(B), the motion must be denied without prejudice at this time.  Plaintiff may refile its motion for attorney's fees, in compliance with Federal and Local Rules.

### IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion for Partial Summary Judgment [DE 109] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of March 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*