UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-21404-CIV-COOKE/BANDSTRA

ROYALE GREEN CONDOMINIUM
ASSOCIATION, INC.,

    *Plaintiff*,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

    *Defendant*.

_____/

# ORDER DENYING PLAINTIFF'S MOTION TO REFER PORTIONS OF THE INSURANCE COVERAGE ISSUES TO THE FLORIDA BUILDING DEPARTMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Refer Portions of the Insurance Coverage Issues to the Florida Building Department and for the Issue of a Declaratory Statement from the Florida Building Department Regarding the Interpretation of the Florida Building Code [DE 128]. The question before the Court is whether the Court should refer, to the Florida Building Department ("FBD"), the determination of whether gooseneck components are part of Plaintiff's air conditioning systems or part of the buildings' structural roofs. Plaintiff contends that the classification of gooseneck components is governed by the Florida Building Code. Further, Plaintiff asserts that FBD could make a declaration regarding the classification of gooseneck components, since it has the authority to interpret the Florida Building Code, and that such a declaration would provide guidance to this Court when making a decision as to the classification of the gooseneck components. Defendant argues that a declaratory statement by the FBD is inappropriate because this Case is already pending before this Court.

I.      BACKGROUND

The relevant background of this case has been set forth previously in several documents. Plaintiff Royale Green Condominium Association, Inc. (Plaintiff or "Royale") had insurance coverage through Defendant Aspen Specialty Insurance Company (Defendant or "Aspen"). During the period when this insurance policy was in full force and effect, Hurricane Wilma caused damage to Royale's twelve condominium buildings. The parties have extensively disputed the scope of coverage provided under the policy. Defendant has previously argued that coverage for interior areas will exist only if water enters the buildings and causes damage to interior areas through openings caused by windstorm or hail damage. *See* [DE 108]. Therefore, argues Defendant, coverage is excluded for damage caused by water entering through manmade openings. Defendant asserts that gooseneck components are part of the air conditioning system, a manmade opening, and water that entered and caused damage through goosenecks is excluded. *Id*. Plaintiff has argued that interior areas are covered under the policy because gooseneck components are part of the buildings' structural roofs which suffered damage during the hurricane. *See* [DE 114]. This Court has found that an issue of material fact exists as to whether gooseneck components are part of the buildings' air conditioning systems or structural roofs.[1] *See* [DE 162].

II.     ANALYSIS

Plaintiff requests that this Court refer the issue of classifying gooseneck components to the FBD. Plaintiff's basis for this request is that a declaration by the FBD can aid this Court in reaching a decision as to whether gooseneck components are part of Royale's air condition

---

[1]The Court understands the term "gooseneck" to refer to a fitting component which connects the air conditioning outflow to the ventilation system of the buildings.

system or structural roofs. Plaintiff has been in contract with Jim Richmond, General Counsel for the FBD; however, Plaintiff has not has not officially petitioned the Florida Building Department for a declaratory statement. Although, Plaintiff has not officially petitioned, the FBD appears unwilling to issue a determination regarding gooseneck components. "Mr. Richmond indicated that the Florida Building Department would not be inclined to issue a declaratory statement regarding [the classification of goosenecks based on the Florida Building Code] due to the pendency of the [i]nsurance [l]itigation. (Pl.'s Mot. to Refer Portions of the Insurance Coverage Issues to the Florida Building Department at 3). Further, "Mr. Richmond indicated that the [classification of goosenecks] would be one of first impression for the Florida Building Department." *Id.*

Generally, a governmental agency should refrain from issuing a declaratory statement when there is litigation currently pending on the matter. *See Novick v. Dept. of Health, Bd. of Med.*, 816 So. 2d 1337, 1240 (Fla. 5th DCA 2002) (noting that "a declaratory statement is not an appropriate remedy where there is related pending litigation"); *see also Couch v. State of Florida, Dept. of Health & Rehab. Services,* 377 So. 2d 32, 33 (Fla. 1st DCA 1979) (stating that the governmental agency correctly denied the petition for a declaratory statement since litigation was currently pending before the trial court). The Florida appellate courts have held to this maxim. For example, in *Padilla*, the trial court granted the defendant's motion to dismiss a putative personal injury protection class action suit based upon lack of subject matter and primary jurisdiction. *Padilla v. Liberty Mut. Ins. Co.*, 832 So. 2d 916 (1st DCA 2002). The plaintiff in *Padilla* appealed the trial court's dismissal to the District Court of Appeal. *Id*. at 818. While the appellate case was pending, the plaintiff filed a petition for declaratory statement with the Florida Department of Insurance. *Id*. The appellate court held that "[w]here questions presented in a

petition for declaratory statement are at issue in pending judicial proceedings, the administrative agency to whom the petition is addressed should refrain from issuing a declaratory statement until the proceedings in court conclude." *Id*. at 919. Therefore, an administrative agency should generally decline to grant a petition for a declaratory statement when litigation is pending.

Plaintiff seems to concede that, generally, a matter pending before a trial court should not be deferred to a governmental agency. Plaintiff states "that it is requesting an extraordinary remedy, but . . . contends that an extraordinary remedy is warranted. The nature of the issue that [Plaintiff] would request that the Florida Building Department review is highly technical." (Pl.'s Reply in Resp. to Mot. to Refer Portions of the Insurance Coverage Issues to the Florida Building Department at 3). I find that Plaintiff's argument lacks merit. The *Couch* court stated that, "[i]t appears that the applicable guiding principle [for whether a petition for a declaratory statement should be granted] is that an actual, present and practical need for a declaratory judgment must be shown." *Couch,* 377 So. 2d at 33. Even if the issue of classifying gooseneck components is considered highly technical, that does not of itself create an actual, present and practical need for the FBD to issue a declaratory statement. I have previously decided that an issue of material fact exists as to whether gooseneck components are part of Royale's air conditioning system or structural roofs. *See* [DE 162]. Both Plaintiff and Defendant have obtained experts to give an opinion concerning gooseneck components. The issue is proper for the fact finder to consider. Deferral to the FBD is unnecessary[2] since the issue can be resolved in the course of pending

---

[2] "A declaratory statement is a means for resolving a controversy or answering questions or doubts concerning the applicability of statutory provisions, rules, or orders over which the agency has authority." Fla. Admin. Code Ann. r. 28-105.001. Plaintiff contends that both parties' experts rely on the Florida Building Code to form opinions regarding gooseneck components. Further, Plaintiff asserts that the FBD is the governmental agency that is charged with interpreting the Florida Building Code. Plaintiff, therefore, contends that the Florida Building Code should be used in determining the classification of gooseneck components.

litigation.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Refer Portions of the Insurance Coverage Issues to the Florida Building Department and for the Issue of a Declaratory Statement from the Florida Building Department Regarding the Interpretation of the Florida Building Code [DE 128] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of March 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*

---

However, Plaintiff has not cited any provision of the Florida Building Code which is determinative in classifying goosenecks.