UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 07-CIV-21404  COOKE/BANDSTRA

ROYALE GREEN CONDOMINIUM
ASSOCIATION, INC.,

    *Plaintiff*,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

    *Defendant*.
_____/

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
UNIT OWNER "STATEMENTS OF HURRICANE DAMAGE"
EXCEPT WHERE THE PERSON WHO MADE SAID STATEMENT
HAS BEEN DEPOSED AND IS AVAILABLE FOR TRIAL TESTIMONY**

**THIS MATTER** is before me on Defendant's Motion *in Limine* to Exclude Unit Owner "Statements of Hurricane Damage" Except Where the Person Who Made Said Statement Has Been Deposed and Is Available for Trial Testimony [D.E. 157]. Plaintiff, Royale Green Condominium Association ("Association"), has filed a memorandum in opposition [D.E. 160]. Defendant, Aspen Specialty Insurance Company ("ASIC"), has also filed a reply to Plaintiff's Memorandum [D.E. 171]. Accordingly, the matter is fully briefed and ripe for adjudication.

**I.  BACKGROUND**

The basic facts of this case are set forth in prior documents. The only issue presented in this motion is the admissibility of four "Statements of Hurricane Damage" made by unit owners. Jesus Dominguez, an estimator and assistant to Carlos Martell, a licensed general contractor and Plaintiff's expert witness, completed the "Statements of Hurricane Damage" by interviewing unit owners in September and October 2007. Those statements contain the respective owner's

description of the damage sustained to the interior of his or her unit as a result of Hurricane Wilma.  Some of the damage described in those statements had already been repaired at the time the statements were taken.  Plaintiff's expert witness, Martell, relied on the "Statements of Hurricane Damages," along with other evidence, in assessing the property damage and in preparing the estimate furnished to ASIC on March 7, 2007.

## II.  DISCUSSION

Association argues that Defendant's motion is barred on procedural and substantive grounds.  Association first asserts that Defendant's motion is precluded by the dispositive motion deadline, which required all dispositive motions and other pretrial motions, not explicitly excluded by Local Rule 7.1.A.1 to be filed by or before February 16, 2009.  Next, Association maintains that "[s]ubstantively, The Statements of Hurricane Damages are admissible through the testimony of Carlos Martell, as ASSOCIATION'S expert, because the statements of [*sic*] are of the type of facts or data that Mr. Martell was entitled to rely on." *See* Plaintiff's Response in Opposition to Defendant's Motion in *Liminie* at p. 5 [D.E. 160].

Plaintiff is technically correct in asserting that the Scheduling Order [D.E. 123] calls for the filing of all pretrial motions not explicitly excluded by Local Rule  7.1.A.1 by or before February 16, 2009.  However, motions *in limine*, while not expressly prescribed by the Federal Rules of Evidence, have arisen out of "the district court's inherent authority to manage the course of trials."  *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984).  "The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Management, L.P. v. Schneider*, 551 F. Supp. 2D 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).  Since

this Motion *in Limine* was filed well in advance of trial and because the district court has inherent power to manage the course of trial, I will allow the motion.[1]  I turn now to the substance of the motion.

Defendant requests that the Court bar admission of the four Unit Owner "Statements of Hurricane Damages" used by Plaintiff's expert witness where the person who made the Statement has not been deposed and is unavailable for trial.  In opposition, Plaintiff notes that an expert may use inadmissible facts or data to formulate his opinion, "[i]f of a type reasonably relied upon by experts in the particular field in formulating opinions or inferences upon the subject."  *Williams v. Consolidated City of Jacksonville*, No. 3:00-cv-469-J-32, 2006 WL 305916 *6 (M.D. Fla. 2006), *citing* Fed. R. Evid. 703.  However, Rule 703 further provides that:

> [T]he facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

For purposes of this Motion, Defendant does not challenge the admissibility of Mr. Martell's expert testimony.  Here, the admissibility of the statements upon which Mr. Martell relied in formulating his opinion is an issue separate and apart from the admissibility of Mr. Martell's testimony.  It therefore does not follow, as Plaintiff asserts, that the unsworn statements of the four unavailable unit owners become immune to exclusion under Rule 703

---

[1]  I note also that Plaintiff's argument, taken to its ultimate conclusion could, among other things, prevent motions to amend witness lists, and could seriously hamper motions to exclude experts or for *Daubert* hearings.  In this Case, February 6 was the close of expert discovery and February 16 was the pretrial motion deadline.  If documents were produced on the last day of discovery, this would afford the receiving party only ten days to both process the documents and prepare and file any necessary motions.

merely because Mr. Martell relied on them.  *See* Fed. R. Evid. 703 advisory committee notes, 2000 Amendments ("[t]he amendment [to Rule 703] provides a presumption against disclosure to the jury of information used as the basis of an expert's opinion and not admissible for any substantive purpose, when that information is offered by the proponent of the expert").

Furthermore, Rule 403 of the Federal Rules of Evidence allows the court to exclude relevant evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Consistent with this rule, it is within the district court's discretion to exclude evidence it deems needlessly cumulative.  *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005) (applying the "abuse of discretion" standard to review district court's exclusion of expert witness); *Lirette v. Popich Bros. Water Transport Inc.*, 660 F.2d 142, 145 (5th Cir. 1981)[2] (affirming the District Court's denial of motion to reopen evidence after trial but prior to judgment where the testimony that Plaintiff sought to admit "would add nothing new to the record").

In this Case, the statements of the four unavailable unit owners are hearsay and are duplicative of the twenty other statements from similarly situated unit owners, all of whom have already been deposed.  Furthermore, admission of this hearsay evidence would undermine the rules of evidence because it "impermissibly permits the testifying experts to bolster their opinions and creates the danger that the testifying expert will in fact serve as conduits for the opinions of others who are not subject to cross examination."  *Linn v. Fossum*, 946 So.2d 1032, 1033 (Fla. 2006); *see also* Fed. R. Evid. 703 advisory committee notes, 2000 Amendments ("[t]he information may be disclosed to the jury, upon objection, only if the trial court finds that

---

[2]  The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit prior to the close of business on September 30, 1981.  *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the probative value of the information in assisting the jury to evaluate the expert's opinion substantially outweighs its prejudicial effect"); 2 McCormick On Evid. § 324.3 (Brown 6th ed. 2006) (explaining that the 2000 amendments to Rule 703 were intended to protect against the danger "of Rule 703 improperly becoming a 'backdoor' hearsay exception").

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion *in Liminie* to Exclude Unit Owner "Statements of Hurricane Damage" Except Where the Person who Made Said Statement Has Been Deposed and is Available for Trial Testimony [D.E. 157] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, FL, this 24th day of July 2009.

_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*