UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-21404-CIV   COOKE/BANDSTRA

ROYALE GREEN CONDOMINIUM
ASSOCIATION, INC.,

    *Plaintiff*,

v.

ASPEN SPECIALTY INSURANCE
COMPANY,

    *Defendant*.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT WITNESS REPORT AND TESTIMONY

**THIS CAUSE** is before the Court upon Defendant's *Daubert* Motion To Exclude The Expert Testimony Of Anthanasios Tom Marinos [DE 221]. The only issue presented in this motion is the admissibility of an expert's report and testimony. Defendant challenges the reliability and relevance of all of Marinos' testimony, and additionally challenges his qualifications to testify about flashings or goosenecks. Defendant further argues that at least some of Marinos' testimony would be duplicative of Plaintiff's other expert witness, Martell. Plaintiff opposes the motion, emphasizing Marinos' qualifications and experience and attaching a copy of Marinos' *curriculum vitae*. *See* DE 222.

Federal Rule of Evidence 702 governs this matter. The rule states:

> If scientific, technical, or other specialized knowledge will assist
> the trier of fact to understand the evidence or to determine a fact in
> issue, a witness qualified as an expert by knowledge, skill,
> experience, training, or education, may testify thereto in the form
> of an opinion or otherwise, if (1) the testimony is based upon

> sufficient facts or data, (2) the testimony is the product of reliable
> principles and methods, and (3) the witness has applied the
> principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  Further, in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court stated that trial courts are the gatekeepers to the admission of all expert testimony and must ensure that any and all expert testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).  In order to determine the admissibility of expert testimony, a district court must consider whether:  (1) The expert is qualified to testify competently as to the subject matter he intends to address; (2) the method employed by the expert is sufficiently reliable; and (3) the testimony assists the trier of fact to comprehend the evidence through the application of the witness's expertise.  *Quiet Tech. DC-8, Inc. v. Hurel-Dubois U.K. Ltd.*, 326 F. 3d 1333, 1340-41 (11th Cir. 2003).

Having reviewed the motion, response and reply, along with the respective accompanying exhibits, and applying the relevant standards, the Court holds that Marinos is sufficiently qualified to testify at trial and that neither his testimony nor his report should be excluded, with the exception of one matter.  Marinos is a licensed professional engineer with over a decade of experience working as a civil and structural engineer and performing forensic engineering inspections.  He made visual observations of the property and rendered opinions based on those observations along with other evidence.  To the extent Defendant feels these observations were inadequate to form a reliable expert opinion, that the assumption of damages to one building extrapolated from the visual inspection of another is improperly supported, or that Marinos has failed to establish a causal link between Hurricane Wilma and any damages, Defendant may challenge Marinos on cross-examination.

With regard to flashings and goosenecks, Marinos' deposition makes plain that he is not an expert on non-structural roofing matters. Moreover, Plaintiff's response fails to sufficiently challenge this point, only arguing that Marinos is "familiar[] with construction building design and analysis, including roofs and roof systems." Familiarity is not expertise. That Marinos is licensed to conduct threshold constructions inspections in Florida has no bearing on his expertise with regard to roofing, as the Court understands threshold construction inspections to address structural and load-bearing elements of a building, such as trusses, beams and slabs, not flashings and goosenecks. Even if this were not the case, Marinos stated explicitly in his deposition that he primarily deals with the structural systems of roofs, and he differentiated between the structural elements and the waterproofing elements. Accordingly, Marinos shall not be allowed to testify about the flashings or goosenecks, except as they directly relate to his cause and origin analysis of water infiltration and staining.

Finally, I address Defendant's argument that Marinos' testimony would be duplicative of Plaintiff's other expert, Martell, on the issue of goosenecks. For two reasons, this argument is now unavailing. First, as held above, Marinos' testimony on goosenecks is to be limited to his cause and origin analysis. Second, from the Court's reading of the briefs, Martell would not be testifying about the goosenecks. Instead, Marinos would be the only expert testifying on that issue, and therefore there should be no concern about overlapping or duplicative testimony. In the event that Marinos' testimony appears to be going outside the scope of his expertise and this limiting Order, Defendant may object or move for sidebar for clarification. Moreover, in the event that Martell testifies about the goosenecks, the Court may further limit Marinos' testimony.

Accordingly, the Court hereby **ORDERS AND ADJUDGES** that Defendant's *Daubert*

Motion To Exclude The Expert Testimony Of Anthanasios Tom Marinos [DE 221] is

**GRANTED** *in part* and **DENIED** *in part*, consistent with the analysis above..

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of August 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*